IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | | |
|---|---|---|
| HISCOX INSURANCE COMPANY, INC., | § § § § | |
| Plaintiff, | § | |
| v. | § § | Civil Action No.: _____ |
| DWOLLA, INC., | § § § | |
| Defendant. | § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT
## AND REQUEST FOR DECLARATORY JUDGMENT

Plaintiff, Hiscox Insurance Company, Inc. ("Hiscox"), files this Plaintiff's Original Complaint and Request for Declaratory Judgment ("Complaint") against Dwolla, Inc. ("Dwolla") pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 2201 and 2202, and would respectfully show the Court as follows:

### I.
### INTRODUCTION

1.    By this action, Hiscox seeks a declaration of the rights and obligations of the parties to that certain Commercial Crime Insurance Policy, Policy No. UC22170080.23 (the "Policy"), issued by Hiscox to Dwolla, with a policy period from April 1, 2023, to April 1, 2024.

2.    Dwolla made a claim on the Policy for losses it alleges it incurred as a result of certain fraudulent same day ACH transactions. Hiscox seeks a declaration that there is no coverage under the Policy for any losses incurred by Dwolla for the reasons enumerated in Counts One through Count Eight below.

## II.
## PARTIES

3.      Defendant Dwolla is a Delaware corporation with its principal place of business in Des Moines, Iowa. For purposes of diversity of citizenship, Dwolla is a citizen of Delaware and Iowa and not a citizen of Illinois, or any other state.

4.      Plaintiff Hiscox is an Illinois corporation with its principal place of business in Illinois. For purposes of diversity of citizenship, Hiscox is a citizen of Illinois and not a citizen of Iowa or Delaware.

## III.
## JURISDICTION AND VENUE

5.      This is a civil controversy between citizens of different states. The amount in controversy in this matter, exclusive of interests, costs, and attorney's fees, exceeds $75,000. Accordingly, this court has diversity jurisdiction under 28 U.S.C. § 1332(a)(1).

6.      Dwolla is a resident of the Southern District of Iowa. Accordingly, venue is proper in this district according to 28 U.S.C. § 1391(b)(1).

7.      Venue is also proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred here.

## IV.
## FACTUAL ALLEGATIONS

8.      Hiscox issued the Policy to Dwolla. A true and accurate copy of the Policy is attached as **Exhibit 1** and incorporated herein by reference.

9.      Dwolla contends it offers an application programming interface ("API") that allows its customers to embed payment capabilities in its customers' own web-based applications.

10.     To actually make payments, Dwolla partners with financial institutions that agree to transmit payment instructions to the ACH network on behalf of Dwolla, and to store funds

related to such payments in an account held by the financial institution for the benefit of Dwolla's customers ("FBO Account"). All payments made using Dwolla's API must flow through the FBO Account.

11.    Upon information and belief, the FBO Account was maintained by Veridian Credit Union ("Veridian").

12.    Dwolla is contractually obligated to reimburse Veridian for certain losses in the FBO Account.

13.    Dwolla allows certain customers the ability to process same day ACH debits and credits, if the customer provides additional due diligence items that are approved by Dwolla. Same day ACH debits and credits make funds available within the same banking day's settlement window in the receiving financial institution's account. This allows funds to be withdrawn the same day they are sent by Veridian to the receiving bank.

14.    According to Dwolla, it authorized two customers, "Customer A" and "Customer B," to make same day ACH debits and credits.

15.    According to Dwolla, fraudsters posing as Customers A and B took advantage of same day ACH debits and credits by initiating fraudulent transfers. The fraudsters withdrew the transferred money from the receiving banks. The initiating banks initiated return demands on Veridian, which Veridian honored, thus depleting the FBO Account.

16.    Veridian made a demand on Dwolla, pursuant to its contractual relationship, to reimburse Veridian for the loss to the FBO Account caused by the fraudsters.

17.    Dwolla submitted a sworn proof of loss to Hiscox dated May 16, 2023, seeking coverage under the Policy for its claimed loss of $484,839.88 stemming from the Customer A scheme.

18.      Dwolla submitted a sworn proof of loss dated June 22, 2023, seeking coverage under the Policy for its claimed loss of $6,354,168.63 stemming from the Customer B scheme.

19.      Upon information and belief, at the time Dwolla submitted its proofs of loss, Dwolla had not reimbursed Veridian for any of the losses to the FBO Account allegedly caused by the fraudulent same day ACH transfers.

20.      By letter dated November 22, 2023, Hiscox denied Dwolla's claims for coverage under the Policy. A true and accurate copy of Hiscox's November 22, 2023, letter is attached as **Exhibit 2** and incorporated herein by reference.

21.      On February 2, 2024, Dwolla sued Hiscox in the lawsuit *Dwolla, Inc. v. Hiscox Insurance Company Inc.*, Case No. 2024CH00702, in the Circuit Court of Cook County, Illinois, County Department, Chancery Division, seeking a declaratory judgment that Dwolla's claims are covered under the Policy and seeking compensatory and bad faith damages. A true and accurate copy of Dwolla's February 2, 2024, complaint is attached as **Exhibit 3** and incorporated herein by reference.

22.      On September 27, 2024, the court dismissed Dwolla's lawsuit against Hiscox on the basis of *forum non conveniens*. A true and accurate copy of the September 27, 2024, order dismissing Dwolla's lawsuit is attached as **Exhibit 4** and incorporated herein by reference.

## V.
## COUNT ONE
**(Declaratory Judgment—Coverage Cannot Apply Under Insuring Agreement D)**

23.      Hiscox incorporates herein by reference the allegations in Paragraphs 1-22 above as though specifically alleged herein.

24.     The Policy includes several insuring agreements, including Insuring Agreement D:
Tech Fraud, (1) Computer, which provides that Hiscox will pay for any loss which exceeds the
applicable deductible for:

> Loss of or damage to **money, securities,** or **other property** resulting directly from **computer fraud,** but **we** will only pay up to $10,000 for any one **occurrence** of loss of or damage to manuscripts, drawings, or records of any kind, or the cost of reconstructing them or reproducing any information contained in them;

The term "Computer Fraud" is defined in section VII. of the Policy to mean:

> the use or manipulation of any computer system to make a fraudulent transfer of **money, securities,** or **other property** from inside the **premises** or **financial institution premises** to a person (other than a **messenger**) or place outside the **premises** or **financial institution premises.**

> **Computer Fraud** does not include any fraudulent transfer of **money, securities,** or **other property** which required **you, your employees, your executive employees,** or others on **your** behalf (other than a **financial institution**) to initiate a transaction to transfer, or authorize the transfer of, such **money, securities,** or **other property.**

25.     This Insuring Agreement D: Tech Fraud, (1) Computer, cannot provide
coverage for at least two reasons.

26.     First, the ACH transfers at issue do not meet the Policy's definition of Computer
Fraud, because Dwolla authorized those customers to initiate the same day ACH transfers.

27.     Second, there is no coverage because Insuring Agreement D: Tech Fraud, (1)
Computer only covers loss "resulting directly from **computer fraud** . . . ." Any loss suffered by
Dwolla, if any, resulted directly from its agreements to reimburse Veridian for losses to the FBO
Account, but not directly from the fraudulent same day ACH transfers themselves. Thus, Dwolla's
claimed loss did not result directly from Computer Fraud.

28.     Therefore, for the foregoing reasons, Hiscox is entitled to a judgment declaring that
Dwolla is not entitled to coverage under the Insuring Agreement D: Tech Fraud, (1) Computer.

**VI.**

## COUNT TWO
### (Declaratory Judgment—Ownership Provision)

29.    Hiscox incorporates herein by reference the allegations in Paragraphs 1-28 above as though specifically alleged herein.

30.    There is also no coverage because the ownership provision of the Policy has not been satisfied. Section IV.B., "Ownership of property and interests covered," provides:

This coverage part applies to personal property only as follows:

. . . .

4.    With respect to all other Insuring agreements, coverage is limited to property:

      a.    **you** own or lease; or

      b.    **you** hold for others whether or not **you** are legally liable for

the loss of such property.

However, this policy is for **your** benefit only. It provides no rights or benefits to any other person or organization. Any claim for loss under this Coverage Part must be presented by **you**.

31.    The money that was stolen was owned by Veridian, and not owned or leased by Dwolla. Further, the money that was stolen was not held by Dwolla. Thus, there can be no coverage.

32.    Therefore, for the foregoing reasons, Hiscox is entitled to a judgment declaring that Dwolla does not satisfy Section IV.B., "Ownership of property and interests covered."

### VII.
## COUNT THREE
### (Declaratory Judgment—The Loss Was Indirect)

33.    Hiscox incorporates herein by reference the allegations in Paragraphs 1-32 above as though specifically alleged herein.

34.    The Policy contains an indirect loss exclusion. Section VI.A.5. provides that Hiscox has no obligation to pay for any:

loss that is an indirect result of a covered **occurrence**, including but not limited to:

a.    loss resulting from the inability to realize income that would have been realized had there been no loss of or damage to **money**, **securities**, or **other property**;

b.    payment of damages of any type for which **you** are legally liable; however, **we** will pay compensatory damages directly resulting from an otherwise covered loss; or

c.    payment of costs, fees, or other expenses **you** incur to establish the existence or amount of loss under this Coverage Part, except amounts covered under Section II. Coverage enhancements, B. Claim expenses or D. Identity fraud expenses.

35.    Dwolla's loss did not result directly from the fraudulent same day ACH transfers, and instead its claimed loss, if any, arises from its agreement with Veridian to reimburse Veridian for losses to the FBO Account.

36.    Therefore, for the foregoing reasons, Hiscox is entitled to a judgment declaring that the indirect loss exclusion precludes coverage.

## VIII.
## COUNT FOUR
### (Declaratory Judgment—Confidential Or Personal Information Exclusion)

37.    Hiscox incorporates herein by reference the allegations in Paragraphs 1-36 above as though specifically alleged herein.

38.    Exclusion VI.A.2., Confidential or personal information, also precludes coverage. The exclusion provides that Hiscox has no obligation to pay any sum for:

loss resulting from:
a.    the disclosure or use of another person's or organization's confidential or personal information; or
b.    the disclosure of **your** confidential or personal information; however, this subsection b will not apply to otherwise covered loss directly resulting from the use of **your** confidential information.
For purposes of this exclusion, confidential or personal information includes, but is not limited to, patents, trade secrets, processing methods, customer lists, financial

information, credit card information, social security numbers, health information, or any other type of non-public information.

39.    Here, at least with respect to the Customer B scheme, the fraudsters used fraudulent or stolen identity information to perform the same day ACH transactions. To the extent any of Dwolla's alleged losses resulted from the use of another person or organization's confidential or personal information, the Confidential or personal information exclusion applies.

40.    Therefore, for the foregoing reasons, Hiscox is entitled to a judgment declaring that coverage is precluded by the confidential information exclusion.

## IX.
## COUNT FIVE
### (Declaratory Judgment—Authorized Users Exclusion)

41.    Hiscox incorporates herein by reference the allegations in Paragraphs 1-40 above as though specifically alleged herein.

42.    Exclusion VI.D.17., Authorized users, precludes coverage. This exclusion provides that Hiscox will have no obligation to pay for loss resulting from:

> the use of **your** computer system by a person who is authorized to access such computer system, except **we** will pay otherwise covered loss resulting from **cyber deception** or **erroneous funds transfer**.

43.    Because both Customer A and B were authorized to use Dwolla's API and initiate same day ACH transfers, the Authorized users exclusion of the Policy applies.

44.    Therefore, for the foregoing reasons, Hiscox is entitled to a judgment declaring that coverage is precluded by the authorized users exclusion.

8

## X.
## COUNT SIX
### (Declaratory Judgment—Fraudulent Preparation Or Input)

45.     Hiscox incorporates herein by reference the allegations in Paragraphs 1-44 above as though specifically alleged herein.

46.     Exclusion VI.D.20., Fraudulent preparation or input, also applies. It provides that Hiscox will not have any obligation to pay for loss resulting from:

> the fraudulent preparation or input of electronic data or computer programs; however, this exclusion will not apply to loss resulting from a virus which is contracted because of an innocent mistake or omission made by **you** or anyone on **your** behalf in the course of securing **your** computer system.

47.     Here, the fraudsters fraudulently prepared or input electronic data or computer programs in order to initiate the same day ACH transfers at issue.

48.     Therefore, for the foregoing reasons, Hiscox is entitled to a judgment declaring that coverage is precluded by the fraudulent preparation or input exclusion.

## XI.
## COUNT SEVEN
### (Declaratory Judgment—Loss Not Caused By Covered Act)

49.     Hiscox incorporates herein by reference the allegations in Paragraphs 1-48 above as though specifically alleged herein.

50.     The Policy's Insuring Agreements provide coverage only for losses caused by a covered act.

51.     At the time Dwolla submitted its proofs of loss, Dwolla had not sustained any losses, because it had not reimbursed Veridian for any losses to the FBO Account stemming from the alleged fraudulent ACH transfers.

52.     Therefore, for the foregoing reasons, Hiscox is entitled to a judgment declaring that Dwolla has not sustained a loss caused by a covered act.

## XII.
## COUNT EIGHT
### (Other Coverage Defenses)

53.     Hiscox incorporates herein by reference the allegations in Paragraphs 1-52 above as though specifically alleged herein.

54.     Other terms and conditions of the Policy may ultimately be implicated by Dwolla's claim. By seeking a declaration of coverage with respect to the issues identified in this Complaint, Hiscox is no way waives, and expressly and fully reserves, the right to rely on any other such provisions of the Policy. Nothing in this Complaint should be construed as a waiver by Hiscox of any other coverage defenses under the Policy or at law.

## XIII.
## COUNT NINE
### (Claim For Attorney's Fees)

55.     Hiscox incorporates herein by reference the allegations in Paragraphs 1-54 above as though specifically alleged herein.

56.     It has been necessary for Hiscox to retain the law firm Clark Hill, PLC and Lederer Weston Craig, PLC, to file this lawsuit to declare that there is no coverage under the Policy. Therefore, Hiscox is entitled to recover its attorney's fees incurred in prosecuting this lawsuit.

## XIV.
## PRAYER FOR RELIEF

Wherefore, for the foregoing reasons, Plaintiff Hiscox Insurance Company prays for judgment as set forth below:

1.     That this Court find and declare that Dwolla is not entitled to coverage under the Policy for the reasons pleaded in Count One through Count Seven;

2.     That this Court will award Hiscox its reasonable attorney's fees and the costs and expenses it incurs in the prosecution of this case;

3.      That this Court award Hiscox such other and further relief, both at law and

equity, as it deems just and proper.

Respectfully submitted,

/s/

KENT GUMMERT
Iowa Bar No.: AT0003032
kgummert@lwclawyers.com
LEDERER WESTON CRAIG, PLC
4401 Westown Parkway, Suite 212
West Des Moines, Iowa 50266
Telephone: (515) 224-3911 ext. 2167
Facsimile: (515) 224-2698

-and-

MICHAEL KEELEY (Texas Bar No. 11157800)
(*Motion for Admission Pro Hac Vice pending*)
mkeeley@clarkhill.com
WILLIAM ZURBORG (Texas Bar No. 24137315)
(*Motion for Admission Pro Hac Vice pending*)
wzurborg@clarkhill.com
CLARK HILL PLC
901 Main Street, Suite 6000
Dallas, Texas 75202
Telephone: 214-651-4718
Facsimile: 214-659-4121

**ATTORNEY FOR PLAINTIFF
HISCOX INSURANCE COMPANY INC.**